```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY MATTHEWS              :     CIVIL ACTION
                              :
         v.                   :
                              :
WARDEN GUARINI, et al.        :     NO. 07-2099
```

**MEMORANDUM AND ORDER**

**Fullam, Sr. J.**                                    **August 6, 2008**

    The plaintiff filed this action against officials at the Lancaster County Prison, where he was detained pending trial from January 19, 2007 until April 19, 2007.  The plaintiff alleges that he was confined to his cell without a due process hearing, denied permission to use the law library, and denied medical treatment.

    According to the evidence produced, the plaintiff was placed in segregated custody because he refused to submit to a test for tuberculosis on his arrival at the prison.  Although the plaintiff argues that he was entitled to a hearing before being placed into segregation, the uncontradicted affidavit from Warden Guarini states that Mr. Matthews was placed into restricted status because of the possibility of tuberculosis and not as punishment.  "In situations such as this, where the allegations of punishment are coextensive with the allegations that form the basis for the procedural due process claim, it will generally be sufficient for the prison officials to submit affidavits to show that the classification was appropriate based on reasonable

prison management concerns." Stevenson v. Carroll, 495 F.3d 62, 69 (3d Cir. 2007).  The warden has done so here.

The plaintiff also alleges that he was denied access to the law library but the defendants have produced a record of library access, which shows that he visited the library 18 times between January 27, 2007 and April 20, 2007.  Although he was denied permission to enter when other prisoners were in the library (because of the possibility of tuberculosis), the plaintiff cannot establish that he was deprived of reasonable access to legal materials.

Next the plaintiff argues that he was forced to sleep on the floor after he was placed in a cell with two other inmates.  As he conceded in his deposition, the plaintiff did not sleep on a mattress on a floor, but in a "boat," a plastic shell in which a mattress rests.  According to the uncontradicted evidence of the warden, the plaintiff slept in the boat, which sits 10 inches above the floor, from March 23 - 29, 2007.  The cell was larger than a two-person cell (95 instead of 70 square feet).  Particularly considering the short period of time the plaintiff was in the three-person cell, there is no basis for concluding that his rights were violated.  Hubbard v. Taylor, C.A. No. 06-4627 slip op. at 17 (3d Cir. Aug. 5, 2008).

The medical claim is vague.  From his deposition, it appears that the plaintiff claims that he requested to see a psychiatrist for stress and the "physical doctor" because of pain in his neck and back.  Dep. at 82.  He did not see the psychiatrist until the

day before he left Lancaster; he saw the physical doctor on March 24, 2007.  Id. at 84-85.  He stated that the medical person he saw did not diagnose an ulcer on his gum and charged him $7.00 for Motrin.  Accepting the plaintiff's testimony as true, a reasonable fact finder could not conclude that a serious medical need had been ignored or that a violation of the Eighth Amendment had occurred.

Because I have concluded that the plaintiff cannot prevail on his substantive claims, I have not addressed the defendants' arguments that they are entitled to qualified immunity, although it would likely be appropriate to grant judgment on that basis as well.

An order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY MATTHEWS              :     CIVIL ACTION
                              :
          v.                  :
                              :
WARDEN GUARINI, et al.        :     NO. 07-2099
```

# O R D E R

AND NOW, this 6th day of August, 2008, upon consideration of Defendants' Motion for Summary Judgment, Plaintiff's Cross-Motion for Summary Judgment, and the responses thereto,

IT IS hereby ORDERED that Defendants' Motion is GRANTED and Plaintiff's Motion is DENIED.

BY THE COURT:

/s/ John P. Fullam
Fullam,          Sr. J.